**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**Ronald Gene CHILCOTE,**
Defendant–Appellant.

No. 00–30037.
D.C. No. CR–99–00026–ALH.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2001.*

Decided March 12, 2001.

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

## MEMORANDUM **

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### A. Chilcote was competent to plead guilty.

■ The district court did not clearly err in concluding that Chilcote met the standard for competency.[1] It was free to evaluate the credibility of the psychiatric reports from the Federal Medical Center and from Dr. Tinker and make its finding accordingly.[2] To the extent that Dr. Tinker contradicted the report from the Federal Medical Center, reliance on the Center does not constitute clear error.[3]

### B. Chilcote's plea was voluntary and intelligent.

■ In response to the district court's question regarding the voluntariness of his plea, Chilcote stated that no one had threatened or coerced him into entering the plea,[4] and it is proper to give that statement significant weight.[5] Moreover,

Chilcote's claim that he pled guilty to get moved out of state custody due to an alleged food deprivation is not sufficient to render his plea involuntary.

■ Further, nothing in the record indicates that Chilcote's plea was not intelligent.[6] Chilcote acknowledged that he discussed the plea agreement with his legal advisor and that he understood his right to withdraw from the agreement if the district court imposed a sentence greater than ninety-six months. In addition, Chilcote's statements indicate that he understood the constitutional rights he was waiving by pleading guilty. Finally, Chilcote exhibited a sound understanding of the complicated issues surrounding a plea under Fed.R.Crim.P. 11(e)(1)(C).

AFFIRMED.[7]

---

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The standard for competency to plead guilty is the same as the standard for competency to stand trial. *Godinez v. Moran*, 509 U.S. 389, 398, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). To be competent to plead guilty, Chilcote must have had a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and ha[d] a rational as well as factual understanding of the proceedings against him." *Id.* at 396, 113 S.Ct. 2680 (internal quotations and citation omitted).

A finding that a defendant is competent to stand trial is reviewed for clear error. *United States v. Chischilly*, 30 F.3d 1144, 1150 (9th Cir.1994).

2. *Chischilly*, 30 F.3d at 1150.

3. *United States v. Frank*, 956 F.2d 872, 875 (9th Cir.1991).

4. A plea is involuntary if it is the product of threats, improper promises, or other forms of wrongful coercion. *United States v. Hernandez*, 203 F.3d 614, 626 (9th Cir.2000) (citing *Brady v. United States*, 397 U.S. 742, 754–55, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)).

5. *United States v. Mims*, 928 F.2d 310, 313 (9th Cir.1991) ("We attach substantial weight to contemporaneous on-the-record statements in assessing the voluntariness of pleas.").

6. A plea is unintelligent if the defendant is "without the information necessary to assess intelligently 'the advantages and disadvantages of a trial as compared with those attending a plea of guilty.'" *Hernandez*, 203 F.3d at 619 (quoting *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

7. Chilcote also claims that the record does not contain a factual basis to support a find-

---

ing of guilty. *See* Fed.R.Crim.P. 11(f). That is not correct. Chilcote admitted that he was previously convicted of a felony, and he stipulated to the fact that the gun he possessed was brought into the State of Oregon. In addition, Chilcote admitted at his sentencing that he had the gun in his waistband when he was brought to the county jail. *See Burton v.*

*United States*, 483 F.2d 1182, 1190 (9th Cir. 1973) (district court may consider admissions made prior to entry of judgment when determining whether factual basis for plea exists).

