**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**George Alberto MONREAL,
Defendant–Appellant.**

**No. 01–50203.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2002.*

Filed Aug. 28, 2002.

Fed. R.App. P. 34(a)(2).

Jerry D. Whatley, Attorney, Santa Barbara, CA, for the defendant-appellant.

John S. Gordon, United States Attorney, Los Angeles, CA, for the plaintiff-appellee.

Before ALARCÓN, SILVERMAN and RAWLINSON, Circuit Judges.

## OPINION

SILVERMAN, Circuit Judge.

George Monreal appeals the district court's denial of his motion to enforce a 1993 oral plea agreement that was entered in the Central District of California. Monreal contends that the government breach-

ed the plea agreement by indicting him on similar charges in 1994 in the Southern District of Iowa. We conclude that the district court properly dismissed Monreal's motion for lack of jurisdiction, regardless of whether it is construed as an attack on the Iowa or the California conviction.

## I. Factual Background

On March 9, 1993, George Monreal was indicted in the Central District of California on charges of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). Soon thereafter, the government and Monreal entered into an oral plea agreement.

The terms of the plea agreement were stated at a change of plea hearing on August 26, 1993. Monreal pleaded guilty to a lesser charge of use of a communication facility to facilitate a narcotics offense in violation of 21 U.S.C. § 843(b). Assistant United States Attorney Dean G. Dunlavey then told the court that in exchange for the guilty plea, the government had agreed to (1) dismiss the charges in the indictment at sentencing, (2) not oppose a three-level reduction for the defendant's acceptance of responsibility, and (3) not seek a sentencing enhancement based on Monreal's prior state felony conviction. Monreal confirmed that there were no other terms to the plea agreement.

On October 25, 1993, the district court sentenced Monreal to 48 months in prison, ordered a one-year term of supervised release, and fined him a special assessment of $50. Then, the prosecutor moved to dismiss the conspiracy charges in the indictment, and the district court granted the motion. Monreal appealed his sentence, but later voluntarily dismissed the appeal. He did not file a motion under 28 U.S.C. § 2255.

About three months later, on January 24, 1994, Monreal was indicted in the Southern District of Iowa for conspiring to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Monreal was convicted of that charge, and the Southern District of Iowa sentenced Monreal to 223 months in prison, a term that was to run concurrently to the conviction in the Central District of California. Monreal appealed the conviction in the Southern District of Iowa, arguing that the conviction constituted double jeopardy and that the government was collaterally estopped from bringing the charges by virtue of the dismissal of the California conspiracy count. The Eighth Circuit, however, rejected Monreal's arguments. See United States v. O'Conner, 64 F.3d 355, 360 (8th Cir. 1995) (per curiam).

On November 19, 1998, Monreal filed a petition for writ of error coram nobis in the Central District of California, in which he asked the court to dismiss the indictment filed in the Southern District of Iowa. Monreal argued that the "government" had breached the plea agreement he had reached in the Central District of California by charging him with a drug conspiracy in the Southern District of Iowa. The district court ruled that it did not have jurisdiction to consider the legality of the Iowa conviction, and this court affirmed that ruling. See United States v. Monreal, 216 F.3d 1085, 2000 WL 429799 (9th Cir. 2000).

Then, on October 15, 1999—while the appeal was pending in this court on the petition for writ of error coram nobis— Monreal filed a motion for enforcement of the plea agreement in the Central District of California. The motion generally reiterated the arguments made in the petition for writ of error coram nobis. Monreal argued that because the United States Attorneys' Offices in the Central District of California and the Southern District of Iowa are part of the same sovereign, the United States government breached the

plea agreement by charging him with a similar drug conspiracy in another jurisdiction. Monreal did not specifically attack the California conviction in that motion, but again challenged the legality of the Iowa conviction. Monreal also attempted to supplement the motion pursuant to Fed.R.Civ.P. 15(a) with several documents that, *inter alia,* allegedly showed that the U.S. Attorney in California knew that the conspiracy extended to Iowa at the time he entered into the plea agreement.

The Central District of California denied Monreal's motion to enforce the plea agreement and dismiss the Iowa indictment. The court reasoned that whether the motion was construed as a petition for writ of error *coram nobis,* or as a petition under 28 U.S.C. § 2255, it needed to be brought in the sentencing court, which was the Southern District of Iowa.

Monreal then filed a motion under Fed. R.Civ.P. 59(e) requesting that the court alter or amend the order. Monreal contended that the district court had misconstrued his motion. He argued that he did not seek to challenge the Iowa conviction, and "[t]he only issue raised by Petitioner was the validity and the enforcement of the written plea agreement in this District." Monreal also claimed that the district court should have considered the evidence that he submitted.

The district court denied Monreal's 59(e) motion. The court construed Monreal's motion as an attempt to overturn his conviction in the Central District of California, and held that it lacked jurisdiction to consider the motion because it was untimely. If the motion were construed as a 28 U.S.C. § 2255 motion, the court reasoned, then it was not filed within the one-year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The court further concluded that the procedural requirements in

AEDPA may not be evaded by construing the motion as a writ of error *coram nobis.* The court also addressed the merits of Monreal's motion and stated that there was no evidence that the government breached the plea agreement, and, in any event, any breach would have taken place in the Southern District of Iowa.

Monreal appealed the case pro se, and this court appointed a lawyer for Monreal and asked for supplemental briefing. Monreal is still in prison on the Iowa conviction, and he has yet to serve his term of supervised release for the California conviction.

## II. Analysis

■ This court has jurisdiction under 28 U.S.C. § 1291. We must decide whether the district court properly concluded that it did not have jurisdiction over Monreal's motion to enforce the plea agreement. Whether a district court had jurisdiction to rule on a motion is a question law reviewed de .novo. *United States v. Garrett,* 253 F.3d 443, 446 (9th Cir.2001).

The district court construed Monreal's motion in four different manners: As either a 28 U.S.C. § 2255 petition or a writ of error *coram nobis,* challenging either the conviction in the Central District of California or the Southern District of Iowa. However, Monreal did not explicitly challenge the Central District of California conviction in his initial motion, and his 59(e) motion only impliedly challenged that conviction.

## A. Conviction in the Southern District of Iowa

■ If the motion is construed as a 28 U.S.C. § 2255 petition attacking the Iowa conviction, the district court properly held that it did not have jurisdiction because the petition must be brought in the sentencing court, which in this case was the

Southern District of Iowa. *See Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir. 2000). Moreover, this court has already held that Monreal could not bring a writ of error *coram nobis* in the Central District of California attacking the Iowa conviction. *Monreal,* 216 F.3d 1085, 2000 WL 429799, **2. A writ of error *coram nobis* attacking the Iowa conviction may only be brought in the sentencing court. *See Madigan v. Wells,* 224 F.2d 577, 578 n. 2 (9th Cir.1955) ("[T]he writ can issue, if at all, only in aid of the jurisdiction of the . . . court in which the conviction was had.") (citation omitted).

### B. Conviction in the Central District of California

Monreal argues in the alternative that his motion could be construed as a 28 U.S.C. § 2255 petition or a writ of error *coram nobis* challenging the Central District of California conviction. To the extent Monreal challenged the California conviction, we conclude that the district court properly dismissed the motion.

AEDPA imposes a one-year statute of limitations on habeas corpus petitions filed by prisoners.** Because Mon real's conviction in the Central District of California became final prior to the enactment of AEDPA, Monreal had until April 23, 1997, to file the habeas petition. *See Calderon v. United States Dist. Court,* 128 F.3d 1283, 1287 (9th Cir.1997), *overruled in part on other grounds by* 163 F.3d 530, 540 (9th Cir.1998) (en banc). Thus, the district court properly determined that the October 15, 1999 motion, if construed as a 28 U.S.C. § 2255 petition, was untimely.

■ Monreal now asserts that the statute of limitations for filing the petition should be tolled because the U.S. Attorney in California allegedly concealed his knowledge of the Iowa investigation when he entered into the plea agreement. Monreal relies on a provision in 28 U.S.C. § 2255 that provides that the statute of limitations runs from the date on which an impediment to filing the motion created by an illegal or unconstitutional governmental action is removed, if that date is later than the ordinary one-year statute of limitations.

Because Monreal raised the tolling issue for the first time in this appeal instead of asserting it initially in district court, the issue is waived. *See Eunique v. Powell,* 281 F.3d 940, 946 n. 7 (9th Cir.2002). No manifest injustice results from this conclusion that Monreal waived the tolling issue. *See Llamas v. Butte Community College Dist.,* 238 F.3d 1123, 1127–28 (9th Cir. 2001). Even if all of the factual assertions in Monreal's arguments are taken as true, he did not establish that he learned of the information only on or after October 15, 1998, which is one year before he filed the motion.

■ Moreover, construing the motion as a petition for writ of error *coram nobis* does not help the petitioner. *Coram nobis*

---

** 28 U.S.C. § 2255 provides: "A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

is an extraordinary writ that usually is available only to petitioners who have fully served their sentences. *See Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994). "The United States Supreme Court has held that district courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a)." *Matus–Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (citing *United States v. Morgan*, 346 U.S. 502, 506–07, 74 S.Ct. 247, 98 L.Ed. 248 (1954)). To warrant *coram nobis* relief, the petitioner must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character. *See Matus–Leva*, 287 F.3d at 760.

■ In *Matus–Leva*, the court held that if a petitioner is still in custody, he may not bring a *coram nobis* petition because the more usual remedy of a section 2255 petition is available. *See Matus–Leva*, 287 F.3d at 761. Monreal is still in custody in the Central District of California because he has not served his term of supervised release. *Id.* Accordingly, *Matus–Leva* precludes Monreal from bringing a writ of error *coram nobis*. "A petitioner may not resort to *coram nobis* merely because he has failed to meet the AEDPA's gatekeeping requirements." *Id.* at 761.

## C. Interpretation of plea agreement

Monreal further argues that this court should follow *United States v. Harvey*, 791 F.2d 294 (4th Cir.1986), and reach the merits of his argument that the government breached the plea agreement. Monreal asserts that he is simply seeking an interpretation of the plea agreement, and it does not matter whether a court in this circuit could issue a remedy and dismiss

the indictment in the Southern District of Iowa.

In *Harvey*, the Fourth Circuit permitted a prisoner to enforce a plea agreement in one district where there was a pending indictment in a different district court. In that case, Harvey entered into a written plea agreement in the Eastern District of Virginia, but after his release, the government indicted him in the District of South Carolina. 791 F.2d at 296–97. Before Harvey was convicted in the District of South Carolina, he filed a motion to enforce the plea agreement in the Eastern District of Virginia. *Id.* at 297. He argued that the government breached the plea agreement by indicting him on similar charges in a different district. *Id.*

The Fourth Circuit stated that both district courts had jurisdiction over a motion to enforce the plea agreement. *Id.* at 297–98 n. 2. It then held that the agreement not to prosecute in the written plea agreement "must be interpreted to prevent further prosecutions for such offenses anywhere and by any agency of the government." *Id.* at 303. The court reasoned that the agreement was ambiguous because it used interchangeably the terms "Government" and "Eastern District of Virginia." *Id.* at 301–02.

■ *Harvey* illuminates a problem the government encounters when it enters into an ambiguous written plea agreement, or, as here, it fails to put the plea agreement into writing at all. As recited on the record, the oral plea agreement did not contain the provision usually found in written plea agreements to the effect that the plea agreement binds only the U.S. Attorney's office making the agreement and not any other U.S. Attorney's office or other prosecution agency. *See United States v. Johnston*, 199 F.3d 1015, 1017 (9th Cir. 1999). Inclusion of that standard term would have alerted the defendant that his

plea agreement in the Central District of California would not preclude his prosecution elsewhere. Because oral plea agreements are recipes for uncertainty and misunderstanding, we encourage district courts to insist upon written plea agreements containing standard provisions and all the terms that constitute their agreement.

We conclude, however, that *Harvey* does not provide a basis for jurisdiction over a post-conviction motion to enforce a plea agreement. In *Harvey*, the motion came *before* the second conviction, whereas, in this case, Monreal did not bring his motion until *after* his conviction in Iowa. Whether Monreal could have brought a *pre-trial* motion in either district, as in *Harvey*, is not before this court. Once a conviction is entered, the district court's jurisdiction over the matter is limited, and an attack on the conviction must have a jurisdictional basis. Generally, the vehicle for challenging a conviction in the district court is a 28 U.S.C. § 2255 petition. *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). We will not permit the petitioner to circumvent the requirements of AEDPA by simply styling the petition as a motion to enforce the plea agreement.

## III. Conclusion

To the extent Monreal challenged his conviction in the Central District of California, the motion that he brought was untimely under 28 U.S.C. § 2255, and he may not avoid the requirements of AEDPA simply by re-naming the motion a writ of error *coram nobis* or a motion to enforce a plea agreement. Any challenge to the Southern District of Iowa conviction needed to be brought in that court or appealed to the Eighth Circuit.

AFFIRMED.