## CALIFORNIA VALLEY MIWOK TRIBE, fka Sheep Ranch of Mewuk Indians of California Plaintiff—Appellant,

v.

### UNITED STATES of America, et al., Defendants—Appellees.

#### No. 04–16676.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 17, 2006.

George L. Steele, Esq., Law Offices of George L. Steele, Pasadena, CA, for Plaintiff–Appellant.

---

R.App. P. 34(a)(2).

McGregor W. Scott, Debora G. Luther, Esq., USSAC–Office of the U.S. Attorney, Sacramento, CA, for Defendants–Appellees.

Before: SILVERMAN and RAWLINSON, Circuit Judges, and BERTELSMAN, Senior District Judge.\*\*

MEMORANDUM \*\*\*

The California Valley Miwok Tribe appeals the dismissal of its claims against the United States for breach of trust and violation of the Rancheria Act of 1958, as amended, arising out of the improper conveyance of tribal trust land to an individual Tribe member. We affirm.

We first reject the government's argument for summary affirmance. While the district court found no waiver of sovereign immunity on four theories, including the Administrative Procedure Act (APA), 5 U.S.C. § 706(1), the court then proceeded to the merits of the statute of limitations issue. In doing so, it assumed correctly that sovereign immunity was waived under the APA, 5 U.S.C. § 702. The Tribe did not need to appeal this assumption because it was in its favor.

Next, although the Tribe correctly argues that the limitations period in 28 U.S.C. § 2401(a) is not strictly jurisdictional, *see Cedars–Sinai Med. Ctr. v. Shalala,* 125 F.3d 765, 770 (9th Cir.1997); *Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1206 n. 2 (9th Cir.1995), we conclude that the district court nonetheless correct-

ly analyzed the limitations issue and held based on the undisputed facts that the 1993 ALJ decision effectively put the Tribe on notice of its injury, adopting the reasoning of *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1577 (Fed. Cir.1988). Under *Hopland's* "knew or should have known" standard, Yakima Dixie was in a position to obtain knowledge of the Tribe's injury caused by the ALJ's 1993 decision, and the Tribe's claim thus accrued at that time.

Finally, this case presents no exception to the general rule that we will not consider arguments made for the first time on appeal. *See United States v. Monreal,* 301 F.3d 1127, 1131 (9th Cir.2002). Thus, we do not reach the Tribe's equitable estoppel and tolling arguments.

**AFFIRMED.**

SILVERMAN, Circuit Judge, concurring:

As often occurs, the district court decided this case on one fully dispositive ground, and then, in an example of belt-and-suspenders precaution, it also decided the case on an alternative ground, just in the event that its first basis was mistaken. The appellant totally failed to address in its opening brief the first alternative basis on which the district court dismissed the case—that the suit was barred by sovereign immunity. Because appellant failed to argue, must less show, why the district court's sovereign immunity ruling was in error, I would affirm the district court.

\*\* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.