UNITED STATES of America, Plaintiff—Appellee,

v.

Paul Richard KLEIN, Defendant— Appellant.

No. 05–55280.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted April 12, 2007.

Filed April 17, 2007.

Becky S. Walker, Esq., Kevin Scott Rosenberg, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Martin D. Hastings, Esq., Las Vegas, NV, for Defendant–Appellant.

Before: B. FLETCHER, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM *

The facts and procedural history are known to the parties and are repeated here only as necessary. On March 4, 2002, Paul Klein ("Appellant") was sentenced by the district court to one count of possessing counterfeit currency, to which he had pled guilty. On May 7, 2002, the district court accepted a stipulation negotiated by the U.S. Attorney and the Appellant to correct his sentence from three years supervised release with four months home detention, to three years probation with a special condition of four months home detention.

On July 16, 2004, Appellant filed a motion for writ of coram nobis and relief under § 2255 with the district court. On January 25, 2005, the district court denied the motions stating that the 1–year limit imposed by AEDPA made his § 2255 motion untimely and that Appellant did not meet the requirements for a writ of coram nobis. On October 13, 2006, a panel of this court denied Appellant's request for a certificate of appealability for the claims raised in the § 2255 motion. Thus, we only address the coram nobis motion.

We review de novo the district court's denial of a writ of coram nobis. *Matus–Leva v. United States,* 287 F.3d 758, 760 (9th Cir.2002). To qualify for a writ of coram nobis, the petitioner must establish that: "(1) a more usual remedy is not

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." *United States v. Monreal*, 301 F.3d 1127, 1132 (9th Cir.2002). "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Matus–Leva*, 287 F.3d at 760.

The district court properly concluded that the writ is not available because Appellant was still "in custody" and had other "more usual" remedies available under 28 U.S.C. § 2255. We have previously held that "[a] petitioner may not resort to *coram nobis* merely because he has failed to meet the AEDPA's gatekeeping requirements." *Matus–Leva*, 287 F.3d at 761; *see also United States v. Span*, 75 F.3d 1383, 1386 n. 5 (9th Cir.1996). We, like our sister circuits, "have consistently barred individuals in custody from seeking a writ of error *coram nobis*." *Matus–Leva*, 287 F.3d at 761; *see also United States v. Brown*, 413 F.2d 878, 879 (9th Cir.1969); *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir.2001); *United States v. Barrett*, 178 F.3d 34, 54 (1st Cir.1999); *United States v. Brown*, 117 F.3d 471, 475 (11th Cir.1997). Under our precedents, because Appellant was "in custody" he could not properly file a motion for a writ of coram nobis. We, therefore, **AFFIRM** the district court's dismissal of Appellant's petition.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).