**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ronald Gene CHILCOTE,**
**Defendant–Appellant.**

Nos. 06–30313, 06–30520.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2007.

Filed May 18, 2007.

Fredric N. Weinhouse, Assistant U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Ruben L. Iniquez, Esq., Assistant Public Defender, Portland, OR, for Defendant–Appellant.

by 9th Cir. R. 36–3.

Before: RYMER and GRABER, Circuit Judges, and RHOADES,* District Judge.

### MEMORANDUM **

Ronald Gene Chilcote was sentenced to 77 months' imprisonment and a three-year term of supervised release for being a felon in possession of a firearm. We affirmed on direct appeal. *United States v. Chilcote*, 5 Fed.Appx. 744, 2001 WL 246062 (9th Cir.2001) (unpublished decision). Chilcote then brought a 28 U.S.C. § 2255 petition alleging that the district court violated his plea agreement by sentencing him to a 36–month term of supervised release to which he did not agree in his Federal Rule of Criminal Procedure 11(e)(1)(C) [1] plea agreement. The district court denied that petition. Chilcote appealed the denial of that petition, and we denied him a certificate of appealability.

Chilcote then filed in the district court a motion styled "Motion for Specific Performance of Rule 11(e)(1)(C) Plea Agreement and Vacation of Supervised Release Term" which raised the identical argument raised in his previous § 2255 petition— that the district court breached the plea agreement by imposing a term of supervised release.[2] Had Chilcote styled this motion as a § 2255 petition, it clearly would have been barred by the rule regarding successive § 2255 petitions. And,

unfortunately for Chilcote, we do "not permit the petitioner to circumvent the requirements of AEDPA by simply styling the petition as a motion to enforce the plea agreement." *United States v. Monreal*, 301 F.3d 1127, 1133 (9th Cir.2002). Accordingly, the district court's denial of the motion is affirmed. *See United States v. Ortega–Ascanio*, 376 F.3d 879, 885 (9th Cir.2004) ("[W]e may affirm the district court for any reason supported by the record.").

Chilcote also appeals the district court's order modifying his supervised release to require 8 urinalysis tests per month. Assuming, without deciding, that a modification of supervised release requires a change of circumstance, we conclude that our intervening decision in *United States v. Stephens*, 424 F.3d 876, 879 (9th Cir. 2005) provided such a change. Thus, the district court did not abuse its discretion when it imposed this revised condition of supervised release.

AFFIRMED.

---

* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The 1999 version of Rule 11(e)(1)(C) provided in relevant part that the government and the defendant may agree that, upon the defendant entering a plea of guilty, the government will "agree that a specific sentence is the appropriate disposition of the case." Rule 11(e)(1)(C) was subsequently revised and is now Rule 11(c)(1)(C).

2. At oral argument, Chilcote suggested for the first time that 18 U.S.C. § 3583(e)(1) provided the district court the authority to terminate his supervised release on the ground that it was unlawfully imposed in violation of the plea agreement. Even if we were to analyze Chilcote's motion under § 3583(e)(1), he may not use the supervised release statute to terminate his period of supervision on the ground that it was illegally imposed. *See United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir.2002).