**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Edward STAIN, Defendant—Appellant.**

**No. 06–10416.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2008.

Filed April 1, 2008.

Robert L. Ellman, Esq., State of Arizona Attorney General Office, Phoenix, AZ, Karyn Kenny, New York County District Attorney, New York, NY, Brian Pugh, USLV–Office of the U.S. Attorney Lloyd George Federal Bldg., Las Vegas, NV, for Plaintiff–Appellee.

Mario Valencia, Henderson, NV, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM *

■ Edward Stain challenges his conviction for conspiracy under Count One of the Indictment, which charged him with conspiring to commit all three robberies. The Government concedes that a variance existed between the Indictment and the proof presented at trial, but contends that the variance was nonfatal. We conclude that the variance requires reversal of Stain's conviction for conspiracy.

A variance requires reversal "if it prejudices a defendant's substantial rights." *United States v. Adamson,* 291 F.3d 606, 615 (9th Cir.2002) (internal quotation marks omitted). Such prejudice may result from the "inadequate opportunity to prepare a defense and exposure to unanticipated evidence at trial." *United States v. Morse,* 785 F.2d 771, 775 (9th Cir.1986). "One of the primary purposes of an indictment is to inform a defendant of 'what he is accused of doing in violation of the criminal law, so that he can prepare his defense.'" *Adamson,* 291 F.3d at 616 (quot-

ing *United States v. Tsinhnahijinnie,* 112 F.3d 988, 991 (9th Cir.1997)). This purpose was not served here. Based on the Indictment, Stain was prepared to defend against a single conspiracy to commit all three robberies. Because the proof at trial supported no such conspiracy and required Stain to defend against a charge not presented in the Indictment, the Indictment "misled [Stain] and obstructed his defense at trial." *See id.* Moreover, the jury was instructed "in such a way as to allow [Stain] to be convicted on the basis of conduct other than that with which he was charged." *See id.* Stain's substantial rights were therefore affected, and we reverse his conviction for conspiracy. We do not remand for resentencing, however, as this reversal does not affect Stain's sentence. Nor are we persuaded that the variance as to Count One had any impact on Stain's convictions on the other Counts of the Indictment, so those convictions are not tainted by this variance.

■ Stain argues that insufficient evidence supported his two convictions under 18 U.S.C. § 924(c). "[I]n order to be guilty of aiding and abetting under § 924(c), the defendant must have directly facilitated or encouraged the use of the firearm." *United States v. Nelson,* 137 F.3d 1094, 1103 (9th Cir.1998) (internal quotation marks omitted). "Evidence of ... planning directed at the gun itself is sufficient to support ... convictions for aiding and abetting the use of the gun." *Id.* at 1104. The testimony of Kenneth Akins and Vaughan Flanders established that Stain planned for them and directed them to use firearms during the Speedway and Wells Fargo robberies. Because their

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

testimony was not "incredible or unsubstantial on its face" and because the jury was entitled to and did believe it, we conclude that sufficient evidence supported Stain's firearm convictions. *See United States v. Lopez,* 803 F.2d 969, 973 (9th Cir.1986); *see also Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

▮ Admission of the evidence of Stain's involvement with marijuana was an abuse of discretion, as the evidence was not "inextricably intertwined with the crime charged" and was not admissible under Federal Rule of Evidence 404(b). *See United States v. Williams,* 291 F.3d 1180, 1189 (9th Cir.2002) (discussing evidence inextricably intertwined with the crime charged), *overruled on other grounds by United States v. Gonzales,* 506 F.3d 940, 942 (9th Cir.2007) (en banc); *see also United States v. Rendon–Duarte,* 490 F.3d 1142, 1144 (9th Cir.2007) (noting that evidence admissible under Rule 404(b) "must prove a material element of the offense for which the defendant is now charged"). In light of the overwhelming evidence of Stain's guilt, however, the admission of the marijuana evidence was harmless. *See Rendon–Duarte,* 490 F.3d at 1145. Corroborated testimony at trial established, among other things, that Stain planned each robbery with his confederates, stated his intent that guns be used during the robberies, and provided equipment (including guns) that was used during the robberies.

▮ We also affirm Stain's sentence. The district court did not abuse its discretion in enhancing Stain's sentence under section 2B3.1(b)(2)(C) of the Sentencing Guidelines, as testimony by Lanita Parker and Aundrai Tucker supported the district court's finding that "a gun was used in the Bally's robbery" and that finding was not clearly erroneous. *United States v. Kim-brew,* 406 F.3d 1149, 1151 (9th Cir.2005) (reviewing district court's findings for clear error). We also affirm the district court's enhancement under section 3B1.1(b) of the Sentencing Guidelines in light of testimony that Joey Prince recruited Akins for the Speedway robbery. *See United States v. Savage,* 67 F.3d 1435, 1444 (9th Cir.1995) (noting that a person who "helped bring other people into" a money laundering scheme was a "participant" for purposes of § 3B1.1). Lastly, we decline to review for lack of jurisdiction the district court's implicit denial of Stain's motion for downward departure. *See United States v. Linn,* 362 F.3d 1261, 1262 (9th Cir.2004) (per curiam). Indeed, by finding that Stain played an aggravating role in the robbery, the district court implicitly found that Stain did *not* play a mitigating role. *See* U.S.S.G. §§ 3B1.1, 3B1.2.

**Conviction on Count One REVERSED; remainder of judgment and sentence AFFIRMED.**