**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAYMOND SUERO-PERALTA,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA;
FEDERAL BUREAU OF PRISONS,

Respondents - Appellees.

No. 07-35881

D.C. No. CV-07-0850-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted April 12, 2013[**]
Seattle, Washington

Before:     TASHIMA and CALLAHAN, Circuit Judges, and SEABRIGHT,
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[***]     The Honorable J. Michael Seabright, United States District Judge for
the District of Hawaii, sitting by designation.

Raymond Suero-Peralta ("Petitioner") seeks to challenge collaterally a 1992 conviction by guilty plea for which he received a sixty-month term of imprisonment. Petitioner contends that he pleaded guilty with the understanding that his federal sentence would run concurrently with a state sentence that was anticipated but had not yet been imposed. Although the state court did subsequently impose a sentence that was to run concurrently with the federal sentence, Petitioner claims that at one point, the United States Bureau of Prisons ("BOP") improperly treated his state and federal sentences as running partially consecutive to each other.

In 2007, Petitioner filed a *pro se* motion in which he asked the district court to vacate his 1992 conviction as void ab initio. Before the court ruled on the motion, Petitioner asked the court to construe his motion as a petition for writ of error *coram nobis*. Without mentioning Petitioner's *coram nobis* request, the district court denied the motion and dismissed it with prejudice. Two years later, the BOP granted Petitioner's administrative appeal relating to the calculation of his sentencing credits. In 2010, Petitioner asked this Court to disregard from his appeal "the issue relating to the failure of the Bureau to credit [his] aggregated term of incarceration" but to "examine the other merits" of his case. Now represented by appointed counsel, Petitioner contends that the district court erred

by construing his pro se motion as a habeas petition under 28 U.S.C. § 2255, rather than as a *coram nobis* petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

The district court's denial of a petition for writ of error *coram nobis* is subject to de novo review. *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). To the extent that the district court construed Petitioner's pro se motion as a habeas petition under 28 U.S.C. § 2255, we also review de novo the court's dismissal of the petition for lack of jurisdiction. *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002).

We do not decide whether the district court erred by failing to construe Petitioner's motion as a *coram nobis* petition because, in any event, Petitioner is ineligible for *coram nobis* relief.[1] *Coram nobis* is an extraordinary remedy available only if Petitioner can show, inter alia, "error[] of the most fundamental character." *Matus-Leva*, 287 F.3d at 760; *see Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987). Petitioner concedes that in 2009, BOP corrected the

---

[1]     We find the record sufficient to permit a ruling on the merits of the *coram nobis* petition, and "[w]e may affirm on any ground finding support in the record." *Matus-Leva*, 287 F.3d at 760.

3

sentencing miscalculation that formed the basis of his pro se motion; accordingly, he cannot show fundamental error.

**AFFIRMED.**