NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-16707 |
| Plaintiff-Appellee, | D.C. Nos. 2:16-cv-01462-LRH |
| v. | 2:02-cr-00201-LRH-NJK -4 |
| EDWARD STAIN, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted July 8, 2021**
San Francisco, California

Before: GRABER and LEE, Circuit Judges, and VRATIL,*** District Judge.

Defendant Edward Stain is a federal prisoner who is serving a 535-month

sentence for two 2002 robberies. A jury convicted Stain under an accomplice

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathryn H. Vratil, United States District Judge for the
District of Kansas, sitting by designation.

liability theory of conspiracy, Hobbs Act robbery, armed bank robbery, and two counts of possession of a firearm in connection with a violent felony under 18 U.S.C. § 924(c). On direct appeal, we reversed his conspiracy conviction but affirmed his other convictions. *United States v. Stain*, 272 F. App'x 618 (9th Cir. 2008). Now, on his second successive collateral appeal, Stain appeals the district court's denial of his claim that Hobbs Act robbery and armed bank robbery are no longer valid predicate offenses for his § 924(c) convictions. Stain further claims that his sentence violates the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017).

"We review a district court's denial of a § 2255 motion de novo, while we review for clear error any factual findings the district court made in deciding the motion." *United States v. Seng Chen Yong*, 926 F.3d 582, 589 (9th Cir. 2019) (cleaned up). We have jurisdiction pursuant to 28 U.S.C §§ 1291 and 2253(a). We affirm the district court's denial and further deny Stain's new *Dean* claim.

1.      Stain argues that his § 924(c) convictions may have rested on his conspiracy conviction, which he argues is not a valid predicate offense. But the record makes clear that Stain's § 924(c) convictions rested on his two robbery convictions. The jury instructions for Count Three's § 924(c) conviction explicitly required the jury to find that Stain committed Hobbs Act robbery as alleged in Count Two. Similarly, the jury instruction for Count Five's § 924(c) conviction explicitly

required the jury to find that Stain committed armed bank robbery as alleged in Count Four.

Hobbs Act robbery and armed bank robbery are categorically crimes of violence under § 924(c)'s "elements" clause. At the time of Stain's conviction in 2005, we had long held that Hobbs Act robbery constituted a crime of violence under § 924(c)'s elements clause. *See United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993). And after the Supreme Court struck down § 924(c)'s residual clause as unconstitutionally vague,[1] we "reiterate[d]" our "previous holding that Hobbs Act armed robbery is a crime of violence for purposes of [§ 924(c)'s elements clause]." *United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020) (citing *Mendez*, 992 F.2d at 1491), *petition for cert. filed*, (U.S. Jan. 18 21, 2021) (No. 20-1000). Similarly, we have held that armed bank robbery is categorically a crime of violence under § 924(c)'s elements clause. *United States v. Watson*, 881 F.3d 782, 783–84 (9th Cir. 2018), *cert. denied* 139 S. Ct. 203 (2018) (per curiam).

Because both of Stain's § 924(c) convictions properly rested on a valid predicate crime of violence, those convictions pass constitutional muster.

---

[1] *United States v. Davis*, 139 S. Ct. 2319 (2019).

2.      Faced with these precedents, Stain contends for the first time in a supplemental brief that a conviction premised on aiding and abetting liability does not meet § 924(c)'s elements clause.  But we decline to consider this question because Stain has twice forfeited the argument.  For starters, Stain did not argue this theory before the district court, so it is outside his certificate of appealability.  *See United States v. Monreal*, 301 F.3d 1127, 1131 (9th Cir. 2002) (holding that absent a showing of manifest injustice, 28 U.S.C. § 2255 claims not raised to the district court are waived).  Similarly, Stain made no mention of this claim in his initial briefing, so it was forfeited yet again. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

3.      Finally, Stain argues that the district court did not recognize its discretion to consider the mandatory sentences imposed by his § 924(c) convictions when imposing sentences for the other counts—an error that requires resentencing under *Dean v. United States*, 137 S. Ct. 1170 (2017).  Even if this argument is preserved, we disagree.  Unlike in *Dean*, nothing in the record here suggests that the district court thought that it lacked discretion to consider the mandatory sentences imposed by Stain's § 924(c) convictions when imposing sentences for his other convictions.  Indeed, for the non-924(c) convictions, the government recommended a sentence of 121 months which was "within the low end of the initial underlying

charge."  And when sentencing Stain, the district court explained the severity of the robberies that occurred and said that the "Court cannot consider, in my mind, that a low-end sentence would be appropriate for those particular robberies.  Those are the worst kind of robberies under the worst kind of circumstances."  Nevertheless, the district court left the sentence in the low-range of 121 months "because the members of the public were not so readily present and the Tec-9-millimeter semiautomatic weapon was also apparently not used in connection with this particular offense."  While the district court did not specifically note Stain's § 924(c) counts while deciding this low-end sentence, nothing in the court's analysis suggests that it thought itself constrained from considering the mandatory nature of his § 924(c) convictions.

Stain points to comments from the government and his counsel that the court's hands were tied for his 924(c) convictions.  But the court's hands *were* tied for those convictions; § 924(c) convictions carry a statutory minimum sentence. *See* 18 U.S.C. § 924(c).  This language does not suggest that the district court thought itself constrained from considering his § 924(c) convictions while sentencing him for his other crimes.

**AFFIRMED.**

5