**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-16492 |
| Plaintiff-Appellee, | D.C. Nos.    3:19-cv-00591-LRH |
| v. | 3:13-cr-00118-LRH-WGC-1 |
| SURJIT SINGH, AKA Sonny, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted November 9, 2021**
San Francisco, California

Before:  OWENS, BADE, and LEE, Circuit Judges.

Surjit Singh appeals pro se from the district court's denial of his petition for

a writ of error *coram nobis* under 28 U.S.C. § 1651.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo, *Matus-Leva v. United States*, 287 F.3d 758,

760 (9th Cir. 2002), and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

A petitioner is entitled to *coram nobis* relief if he establishes that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." *Id.* Although the district court denied Singh's motion on the grounds that Singh failed to show valid reasons for his delay and failed to show fundamental error, we affirm on a different ground supported by the record. *See id.*

A petitioner may only file a writ of *coram nobis* if he is no longer in custody; if he is in custody, he has a remedy available under 28 U.S.C. § 2255. *United States v. Monreal*, 301 F.3d 1127, 1132 (9th Cir. 2002). Supervised release constitutes "custody" for purposes of § 2255, and a petitioner serving a supervised release term is ineligible for *coram nobis* relief. *Matus-Leva*, 287 F.3d at 761. Singh was no longer in prison when he filed his petition in January 2020, but the record reflects that he remained on supervised release until October 2020. Singh therefore was in custody and had an available remedy. It does not matter that Singh's one-year filing deadline had passed. *Id.* ("A petitioner may not resort to *coram nobis* merely because he has failed to meet the AEDPA's gatekeeping requirements."). Singh was therefore ineligible for *coram nobis* relief.

**AFFIRMED**.