**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10154 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:02-cr-00201-LRH-NJK-4 |
| | 2:02-cr-00201-LRH-NJK |
| EDWARD STAIN, | |
| | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted February 9, 2022
San Francisco, California

Before: HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,*** District
Judge.

Seventeen years into his 44-year sentence, Edward Stain sought release under

18 U.S.C. § 3582(c)(1)(A), citing the First Step Act's elimination of the previously

mandatory 25-year consecutive "stacking" provision relating to 18 U.S.C. § 924(c)

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*\* The Honorable Joan N. Ericksen, United States District Judge for the
District of Minnesota, sitting by designation.

convictions. The district court concluded that Stain had not presented extraordinary and compelling reasons for sentence modification and, even if he had, the 18 U.S.C. § 3553(a) factors did not warrant modification. Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam), we affirm.

1. A district court may deny a motion for compassionate release based solely on its analysis of the § 3553(a) factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021). Although the court should normally explain its acceptance or rejection of any "specific, nonfrivolous argument," it "need not tick off each of the § 3553(a) factors," nor "articulate in a vacuum how each § 3553(a) factor influences its determination of an appropriate sentence." *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008). The district judge here, who had imposed the original sentence, recognized his obligation to review the § 3553(a) factors and considered the disparity between Stain's original sentence and the one he could receive had the crimes been committed after the adoption of the First Step Act. But he ultimately concluded that the seriousness of the crimes and the potential danger to the community on release outweighed Stain's arguments in favor of modification. Although the district court could have provided more explanation for its weighing

of the § 3553(a) factors, it did not abuse its discretion in rejecting release.[1]

2.  The district court also did not abuse its discretion by leaving a substantively unreasonable sentence in place.  *See United States v. Ressam*, 679 F.3d 1069, 1097 (9th Cir. 2012).  We previously affirmed that sentence, *see United States v. Stain*, 272 F. App'x 618, 621 (9th Cir. 2008), and the First Step Act is not retroactive, *see* Pub. L. 115–391, 132 Stat. 5194, 5222 (2018).

**AFFIRMED.**

---

[1]  Because we conclude that the district court did not abuse its discretion on these grounds, we need not consider whether it erred in concluding that there were not extraordinary and compelling reasons for relief.