**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISAIAH ALJAVAR-MARTELL
PERKINS,

Defendant - Appellant.

No. 13-10214

D.C. No. 2:12-cr-00354-LDG-CWH-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Submitted August 13, 2014[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, and McKEOWN and CLIFTON, Circuit Judges.

Isaiah Perkins appeals his conviction on two counts of being a prohibited

person in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(9) and

924(a)(2). Perkins's sole challenge to his conviction is that his attorney provided

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

him with ineffective assistance of counsel at trial by opposing the government's motion in limine to exclude certain evidence as irrelevant, violating the district court's order granting the motion in limine by mentioning the evidence at trial and by not seeking an instruction on the affirmative defense of entrapment by estoppel.

We "permit[] ineffective assistance claims to be reviewed on direct appeal only in the unusual cases where (1) the record on appeal is sufficiently developed to permit determination of the issue, or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Rahman*, 642 F.3d 1257, 1260–61 (9th Cir. 2011). Neither exception applies. Perkins concedes that an entrapment by estoppel defense might have failed, and this record is not sufficiently developed to evaluate his probability of success. Therefore, his appeal must be dismissed. As long as Perkins remains under supervised release, he may raise his ineffective assistance claim through the more usual route of collateral attack under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002). In doing so, Perkins will have the opportunity to develop the record to encompass all aspects of his attorney's performance.

**DISMISSED.**

2