Alejandro MATUS–LEVA,
Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 01–55315.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Filed April 11, 2002.

---

Todd W. Burns, Federal Defenders of San Diego, CA, for the petitioner-appellant.

Lizabeth A. Rhodes, Assistant United States Attorney, Los Angeles, CA, for the respondent-appellee.

Before: SCHROEDER, Chief Judge, TROTT and RAWLINSON, Circuit Judges.

RAWLINSON, Circuit Judge.

Petitioner Alejandro Matus–Leva ("Matus–Leva") appeals the denial of his petition for a writ of error *coram nobis.* Matus–Leva asserts that he was a juvenile in 1998 when he pled guilty to conspiring to transport illegal aliens. Matus–Leva contends that the Juvenile Delinquency Act stripped the district court of subject matter jurisdiction. Matus–Leva challenges his 1998 conviction to eliminate its enhancement effect upon his subsequent conviction. Here, the district court had jurisdiction pursuant to 18 U.S.C. § 3231 and 28 U.S.C. § 1651. We have jurisdiction pursuant to 28 U.S.C. § 1291, and find that the remedy of *coram nobis* is unavailable to Matus–Leva because he is still in custody. Therefore, we affirm the district court's denial of Matus–Leva's petition.

*BACKGROUND*

On September 5, 1997, Matus–Leva was charged in a multi-defendant indictment with "transporting, harboring and concealing illegal aliens." According to Matus–Leva, he informed the court he was a juvenile at his detention hearing and at his arraignment. The prosecution concedes that, as early as September 22, 1997, it was aware of the dispute regarding Matus–Leva's age. The prosecution, defense counsel and the Mexican Consulate tried to obtain a copy of Matus–Leva's birth certificate but were unable to do so.

■ On March 10, 1998, Matus–Leva filed a motion to dismiss the indictment for failure to comply with the Juvenile Delinquency Act.[1] On March 17, 1998, the dis-

---

1. The Juvenile Delinquency Act provides:
   A juvenile alleged to have committed an act of juvenile delinquency, other than a violation of law committed within the special

maritime and territorial jurisdiction of the United States for which the maximum authorized term of imprisonment does not exceed six months, shall not be proceeded

trict court made a finding that Matus–Leva was an adult when he committed the offenses. In so finding, the district court relied on Matus–Leva's mature appearance, the testimony of INS agents that Matus–Leva had stated his age as twenty-two years when detained, and the lack of any evidence corroborating Matus–Leva's claim of juvenile status. Matus–Leva pled guilty and on June 8, 1998, was sentenced to twelve months and one day in prison, with three years of supervised release.

Matus–Leva was released from custody July 2, 1998, only to become the subject of alien smuggling charges again on May 5, 2000. Matus–Leva pled guilty to the new smuggling charges on October 16, 2000.

On January 9, 2001, Matus–Leva filed this petition for writ of error *coram nobis.* The district court denied the petition on January 31, 2001, holding that "[t]he error, if any is purely procedural and not due to any fault of the government or the Court in proceeding against defendant as an adult after finding he was an adult. It was not error as to a fundamental right of the defendant."

On February 5, 2001, Matus–Leva was sentenced to sixty-three months imprisonment, a term that was enhanced based on his 1998 conviction. Matus–Leva filed a timely notice of appeal on February 6, 2001.

*STANDARD OF REVIEW*

■ We review de novo the district court's denial of a petition for writ of error *coram nobis.* *United States v. Walgren,* 885 F.2d 1417, 1420 (9th Cir.1989). We may affirm on any ground finding support in the record. *Laboa v. Calderon,* 224 F.3d 972, 981 n. 7 (9th Cir.2000).

*DISCUSSION*

■ *Coram nobis* is an extraordinary writ, used only to review errors of the most fundamental character. The United States Supreme Court has held that district courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a). *United States v. Morgan,* 346 U.S. 502, 506–07, 511–12, 74 S.Ct. 247, 98 L.Ed. 248 (1954). To warrant *coram nobis* relief, Matus–Leva must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character. *Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir. 1987). Because these requirements are conjunctive, failure to meet any one of them is fatal. *See e.g. United States v. McClelland,* 941 F.2d 999, 1002 (9th Cir. 1991).

against in any court of the United States unless the Attorney General, after investigation, certifies to the appropriate district court of the United States that

(1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency,

(2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony or an offense described in ... the Controlled Sub-

stances Act ... or ... the Controlled Substances Import and Export Act ..., and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.

18 U.S.C. § 5032 (West 2001). We have held that "[t]o prosecute a juvenile in federal court, the government must follow the certification procedures required by 18 U.S.C. § 5032. Certification is a jurisdictional requirement." *U.S. v. Juvenile Male (Kenneth C.),* 241 F.3d 684, 686 (9th Cir.2001) (quoting *United States v. Doe,* 170 F.3d 1162, 1165 (9th Cir.1999)).

 Matus–Leva cannot overcome the first hurdle because he is still subject to supervised release, and thus he is in "custody." *Jones v. Cunningham,* 371 U.S. 236, 242–43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *United States v. Brown,* 117 F.3d 471, 475 (11th Cir.1997). A person in custody may seek relief pursuant to 28 U.S.C. § 2255.[2] Because the more usual remedy of a habeas petition is available, the writ of error *coram nobis* is not.

 Matus–Leva's argument that a § 2255 petition is not really available to him because it is time barred under the Antiterrorism and Effective Death Penalty Act, is unavailing.[3] A petitioner may not resort to *coram nobis* merely because he has failed to meet the AEDPA's gatekeeping requirements. To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions.

Predictably, appellate courts, including ours, have consistently barred individuals in custody from seeking a writ of error *coram nobis. United States v. Brown,* 413 F.2d 878, 879 (9th Cir.1969) ("*Coram Nobis* is not available, since he is still in custody."); *see also, United States v.*

*Johnson,* 237 F.3d 751, 755 (6th Cir.2001); *United States v. Barrett,* 178 F.3d 34, 54 (1st Cir.1999); *United States v. Brown,* 117 F.3d 471, 475 (11th Cir.1997). Accordingly, we AFFIRM the district court's dismissal of Matus–Leva's petition.

---

2. In relevant part, 28 U.S.C. § 2255 provides:

   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3. Indeed, if we were to construe Matus–Leva's petition as one brought under 28 U.S.C. § 2255, he concedes it is time barred

by the AEDPA's one-year limitations period. 28 U.S.C. § 2255 (West 2001). *See United States v. Span,* 75 F.3d 1383, 1386 (9th Cir. 1996) (construing petition for *coram nobis* as a § 2255 motion). Matus–Leva contends, nevertheless, that the statute did not begin to run until he located his birth certificate, *i.e.* that was "the date on which the facts supporting the claim ... could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(4). However, Matus–Leva knew of the claim and litigated the issue at the time of his original conviction. His contention to the contrary is not persuasive.