**Wilfredo ALVARADO–ORTIZ,
Petitioner, Appellant,**

v.

**UNITED STATES, Respondent,
Appellee.**

No. 02–1224.

United States Court of Appeals,
First Circuit.

Jan. 31, 2003.

Wilfredo Alvarado–Ortiz, on brief, pro se.

H.S. Garcia, United States Attorney, Sonia I. Torres, Assistant United States Attorney, and Thomas F. Klumper, Assistant United States Attorney, on brief, for appellee.

Before CAMPBELL and STAHL, Senior Circuit Judges, and LYNCH, Circuit Judge.

PER CURIAM.

*Pro se* petitioner Wilfredo Alvarado Ortiz seeks a writ of coram nobis to vacate his 1991 federal drug convictions. The district court summarily denied petitioner's motion. In his motion, petitioner maintains that his convictions and sentence were illegal based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and other arguments. For the reasons discussed below, we affirm the denial of the writ.

The writ of coram nobis is an "extraordinary remedy" which may be issued only

under circumstances that compel such action "to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *see United States v. Michaud*, 925 F.2d 37, 39 (1st Cir.1991). In general, the writ of coram nobis is not available to a petitioner when another statutory remedy exists. *See United States v. Barrett*, 178 F.3d 34, 54 (1st Cir.1999); *see also Carlisle v. United States*, 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) ("Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."). Because petitioner is currently in custody for the convictions at issue, he may seek relief pursuant to 28 U.S.C. § 2255. *Barrett*, 178 F.3d at 54–55; *see Matus–Leva v. United States*, 287 F.3d 758, 761 (9th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 544, 154 L.Ed.2d 431 (2002). Because a § 2255 petition is available to him, the writ of coram nobis is not. *See id.*

Petitioner argues that he is barred from seeking relief under § 2255. He may not resort to coram nobis, however, merely because he cannot meet the AEDPA's requirements. *See Barrett*, 178 F.3d at 55 (stating that "[t]he writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the 'second or successive' provisions of § 2255"). Petitioner's coram nobis motion is no different from a second § 2255 petition.

The judgment of the district court is *affirmed.*