Cathy WALDEN, Plaintiff—Appellant,

v.

TOWN OF PARADISE, a government entity; Charles Rough, as an individual and as an employee of the Town of Paradise, Defendants—Appellees.

No. 01–16457.

D.C. No. CV–00–00267–LKK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 1, 2003.

Decided April 21, 2003.

Before B. FLETCHER, KOZINSKI, and TROTT, Circuit Judges.

MEMORANDUM *

Cathy Walden ("Walden") appeals the district court's grant of summary judgment in favor of the Town of Paradise, California ("Paradise"), and its Town Manager, Charles Rough ("Rough"), in Walden's 42 U.S.C. § 1983 action.

We review a grant of summary judgment de novo. *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* In addition, we may affirm on any ground supported by the record. *Matus–Leva v. United States,* 287 F.3d 758, 760 (9th Cir.2002).

Walden claims that Rough effectively demoted her and subjected her to hostile treatment at work in retaliation for statements she made regarding employee benefits and criticizing Paradise's handling of certain matters within the Financial Services Division. A public employee alleging an adverse employment action in retaliation for exercising her First Amendment rights must initially prove that her speech addressed matters of public concern. *Connick v. Myers,* 461 U.S. 138, 146, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Johnson v. Multnomah County,* 48 F.3d 420, 422 (9th Cir.1995). The employee must then prove that the speech was a "substantial or motivating factor" for an adverse employment action. *Board of County Comm'rs v. Umbehr,* 518 U.S. 668, 675, 116 S.Ct. 2361, 135 L.Ed.2d 843 (1996); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

Assuming without deciding that Walden's speech addressed matters of public concern, her speech was not a substantial or motivating factor in the alleged retaliatory action of reducing her position from 36 to 32 hours. Most of the speech in question occurred during August of 1998, well after the May 1998 managerial decision to alter the terms of Walden's employment.[1] Similarly, while Walden introduced evidence suggesting that she had a poor working relationship with Rough, she introduced none suggesting that her speech was a substantial or motivating factor in his treatment of her. Accordingly, because Walden is unable to prove that her speech was a substantial or motivating factor in the actions she identifies as adverse, we hold that summary judgment in favor of Appellees was appropriate.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. As to Walden's earlier speech, which concerned a collective bargaining issue involving employee benefits, Walden has utterly failed to demonstrate that those remarks were a substantial or motivating factor in any of the alleged adverse employment actions at issue in this case.