**Ricardo Quiambao GUEVARRA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72348.

Agency No. A75–118–464.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 21, 2004.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Papu Sandhu, Blair T. O'Connor, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HALL, LEAVY and FISHER, Circuit Judges.

**MEMORANDUM ***

Ricardo Quiambao Guevarra, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's order denying his application for suspension of deportation. We dismiss the petition in part and deny the petition in part.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We lack jurisdiction to review the discretionary determination that Guevarra failed to show extreme hardship, *Kalaw v. INS,* 133 F.3d 1147, 1150–1151 (9th Cir. 1997). Because Guevarra's failure to establish extreme hardship is dispositive of his claim for suspension of deportation, we need not address Guevarra's challenge to the IJ's determination that he failed to establish seven years of continuous physical presence in the United States. *See Matus–Leva v. United States,* 287 F.3d 758, 760 (9th Cir.), *cert. denied,* 537 U.S. 1022, 123 S.Ct. 544, 154 L.Ed.2d 431 (2002).

Because the transitional rules apply, *see Kalaw,* 133 F.3d at 1150, we do, however, have jurisdiction to consider Guevarra's due process challenge under 8 U.S.C. § 1105a(a). We review *de novo* due process contentions, *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 599 (9th Cir.2002). We conclude that Guevarra's contention that the BIA's streamlining procedure violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

PETITION FOR REVIEW DISMISSED in part; DENIED in part.