Gregorio Montiel ROMERO;
et al., Petitioners,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 04–70668.
Agency Nos. A75–666–508, A75–666–
509, A75–664–427, A75–664–428,
A75–664–429, A75–664–430.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.**

Decided June 24, 2005.

Gregorio Montiel Romero, Santa Ana, CA, pro se.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Pilar Gonzalez Calderon, Santa Ana, CA, pro se.

Perla Antonia Saldana Gonzalez, Santa Ana, CA, pro se.

Coral Aurelia Saldana Gonzalez, Santa Ana, CA, pro se.

Elizabeth Saldana Gonzalez, Santa Ana, CA, pro se.

Gabriela Saldana Gonzalez, Santa Ana, CA, pro se.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM***

█ Lead petitioners Gregorio Montiel Romero and Pilar Gonzalez Calderon, natives and citizens of Mexico, petition pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing their appeal from an immigration judge's denial of their applications for cancellation of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's determination that an alien falls within a per se category that bars a finding of good moral character. *Kalaw v. INS,* 133 F.3d 1147, 1151 (9th Cir.1997). We deny the petition for review.

The BIA properly determined that petitioners could not establish good moral character during the relevant 10–year period because their testimony established that they encouraged, aided or abetted the smuggling of their four alien children into the United States. *See* 8 U.S.C. §§ 1101(f)(3) & 1182(a)(6)(E); *Khourassany v. INS,* 208 F.3d 1096, 1101 (9th Cir. 2000).

█ Petitioners' inability to establish good moral character was dispositive of their applications for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 889 (9th Cir.2003) ("[c]ancellation of removal ... is based on statutory predicates that must first be met"); *cf. Matus–Leva v. United States,* 287 F.3d 758, 760 (9th Cir. 2002) (holding that where requirements for relief "are conjunctive, failure to meet any one of them is fatal"). Accordingly, the BIA was not required to consider the other requirements for cancellation of removal and did not deprive petitioners of due process by declining to consider them. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (explaining that to prevail on a due process claim, petitioner must show that the BIA committed error).

Petitioners' voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The other four petitioners are lead petitioners' children and derivative beneficiaries of their applications for cancellation of removal.