**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Malick M. NJAI, Defendant–Appellant.**

No. 07–16029.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 2008.

Filed Feb. 25, 2009.

James R. Knapp, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Karl Krooth, Esquire, Immigrant Crime and Justice, P.C., San Francisco, CA, for Defendant–Appellant.

Before: B. FLETCHER, McKEOWN, and GORSUCH,* Circuit Judges.

MEMORANDUM **

Malick Njai appeals the district court's denial of his petition for writ of error coram nobis. We find that Njai unnecessarily delayed in challenging his conviction and affirm.

I.

The denial of a writ of error coram nobis is reviewed de novo. *Matus–Leva v. United States*, 287 F.3d 758, 760 (9th Cir.2002). To qualify for coram nobis relief, a petitioner must show that (1) a more usual

---

* The Honorable Neil M. Gorsuch, United States Circuit Judge for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

remedy is not available, (2) valid reasons exist for not attacking the conviction earlier, (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III, and (4) the error is of the must fundamental character. *Estate of McKinney v. United States,* 71 F.3d 779, 781–82 (9th Cir.1995).

## II.

A petition for writ of error coram nobis is not subject to a specific statute of limitations. *Telink, Inc. v. United States,* 24 F.3d 42, 45 (9th Cir.1994). In lieu of a specific statute of limitations, courts have required coram nobis petitioners to provide valid or sound reasons explaining why they did not earlier attack their sentences or convictions. *United States v. Kwan,* 407 F.3d 1005, 1012 (9th Cir.2005). The law does not require a petitioner to challenge his conviction at the earliest opportunity; it requires only that he have sound reasons for not doing so. *Id.* at 1014. Nevertheless, Njai did not attack his conviction for several years and has offered no valid reason for the delay.

On advice of his former counsel, Njai pled guilty to 18 U.S.C. § 911, falsely claiming to be a United States citizen. Although Njai entered his plea and was convicted in March 2002, he did not seek coram nobis relief until August 2006, more than four years later. Soon after his conviction, Njai retained new counsel who clearly knew of the collateral consequences of Njai's conviction and could have advised him to seek relief based on the alleged ineffective assistance Njai previously received. Yet Njai does not offer a valid reason for his extensive delay. Additionally, the decision in *United States v. Karaouni,* 379 F.3d 1139 (9th Cir.2004), which Njai relies on as an "absolute defense" to his conviction, was available to Njai well before he filed his coram nobis petition. Even if we assume the *Karaouni*

decision could support his ineffective assistance claim, Njai has not sufficiently explained his delay in acting once *Karaouni* was decided.

**AFFIRMED.**