**Felipe Gutierrez BALMACEDA; et al., Petitioners,**

**v.**

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–70023.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 13, 2009.

Felipe Gutierrez Balmaceda, Anaheim, CA, pro se.

Lucrecia Gutierrez, Anaheim, CA, pro se.

Adrian Gutierrez Delgado, Anaheim, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacy Stiffel Paddack, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Felipe Gutierrez Balmaceda, his wife Lucrecia Gutierrez, and their son Adrian Gutierrez Delgado, natives and citizens of Mexico, petition pro se for review of the decision of the Board of Immigration Appeals denying their motion to reconsider the BIA's denial of their application for cancellation of removal based on their failure to establish the requisite hardship to their qualifying United States citizen children.

Petitioners contend that the BIA erred in denying their motion to reconsider because the IJ erred in finding that the lead petitioner failed to establish 10 years continuous presence in the United States, the BIA erred in finding that there was no extreme hardship to the qualifying relatives, and the IJ erred in requiring the minor petitioner to have a qualifying relative.

The BIA based its underlying decision on petitioners' failure to establish the requisite hardship, and we need not consider petitioners' contentions that arise from the other elements of cancellation relief. *See Matus–Leva v. United States,* 287 F.3d 758, 760 (9th Cir.2002) (where requirements of relief are "conjunctive, failure to meet any one of them is fatal"). The evidence of hardship to petitioners' qualifying relatives presented with the motion to reconsider concerned the same hardship ground as the initial application for cancellation relief. We lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See Fernandez v. Gonzales,* 439 F.3d 592, 601–03 (9th Cir.2006).

**PETITION FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

