<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-5305**

───────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

ROCKY MOUNTAIN CORPORATION, INCORPORATED, Rocky Mountain
Corporation, Kenneth Odell Crawford-President & Registered
Agent; Joyce Crawford-Secretary,

            Defendant – Appellant.

───────────

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.    Samuel G. Wilson,
District Judge. (5:07-cr-00058-sgw-6; 7:10-cv-00490-sgw)

───────────

Submitted: July 26, 2011          Decided: August 9, 2011

───────────

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Seth A. Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North
Carolina, for Appellant.   Timothy J. Heaphy, United States
Attorney, Jeb T. Terrien, Assistant United States Attorney,
Ramin Fatehi, Special Assistant United States Attorney,
Charlottesville, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rocky Mountain Corporation appeals the district court's amended order of forfeiture and its denial of Rocky Mountain's petition for a writ of error coram nobis.[*] Rocky Mountain maintains its underlying guilty plea to conspiracy to launder money and evade currency reporting requirements was involuntary and that it was denied effective assistance of counsel. We affirm.

Coram nobis is an extraordinary remedy that is available only under circumstances compelling relief in order to achieve justice. United States v. Morgan, 346 U.S. 502, 512-13 (1954). The burden is on Rocky Mountain to show that it is entitled to relief; the challenged proceedings are presumed to be correct. Id. To meet its burden, Rocky Mountain must show that a more usual remedy is unavailable; that valid reasons exist for not attacking its conviction earlier; that adverse consequences flow from the conviction so that there exists a case or controversy; and that the error is of the most

---

[*] Although Rocky Mountain's notice of appeal identifies both orders as the basis for this appeal, Rocky Mountain has failed to raise, and has therefore abandoned, any argument with respect to the amended order of forfeiture. See Fed. R. App. P. 28(a)(9); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

fundamental character. <u>Matus-Leva v. United States</u>, 287 F.3d 758, 760 (9th Cir. 2002).

Rocky Mountain has failed to meet its burden to show that valid reasons exist for not attacking its conviction earlier. Although there is no firm limitation of time within which a writ of coram nobis will lie, petitioners are required to demonstrate that "sound reasons exist[] for failure to seek appropriate earlier relief." <u>Morgan</u>, 346 U.S. at 512. We hold that Rocky Mountain's bare assertion that it received ineffective assistance of counsel is insufficient to demonstrate a valid reason for waiting more than one year to challenge its conviction.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>