**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30268 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00036-RSL |
| v. | |
| JOSE LUCAS ZAMORA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Federal prisoner Jose Lucas Zamora appeals pro se from the district court's

denial of his petition for writ of error coram nobis.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Zamora alleges that the district court violated his Sixth Amendment rights at sentencing when it applied a two-level enhancement under U.S.S.G. § 3C1.2 after his jury trial conviction for various drug offenses. We review a district court's decision to deny coram nobis relief de novo. *See Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). The district court properly denied the petition. Because Zamora is still in custody for this conviction, the extraordinary remedy of coram nobis is unavailable. *See id.* at 761 (when more usual remedy of habeas petition is available, remedy of coram nobis is not, even when claims are time-barred by AEDPA).

Furthermore, the Sixth Amendment is not violated when a sentencing court finds facts while exercising its discretion to impose a sentence within the statutorily prescribed range. *See United States v. Vallejos*, 742 F.3d 902, 906 (9th Cir. 2014) (neither *Alleyne v. United States*, 133 S. Ct. 2151 (2013), nor *Apprendi v. New Jersey*, 530 U.S. 466 (2000)*,* is implicated when a judge imposes a sentencing enhancement that does not affect the statutory sentencing range).

**AFFIRMED.**