**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-56105 |
| Plaintiff-Appellee, | D.C. No. 3:91-cr-00571-LAB |
| v. | |
| BERNARDO HERZER, | MEMORANDUM[*] |
| Defendant-Appellant, | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Bernardo Herzer appeals from the district court's order denying his petition

for a writ of error coram nobis attacking his 1992 guilty-plea conviction for

attempted possession of marijuana with intent to distribute, in violation of 21

U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo, *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002), and we affirm.

Herzer contends that his trial counsel provided ineffective assistance under *Padilla v. Kentucky*, 559 U.S. 356 (2010), when he failed to inform Herzer that his guilty-plea conviction would be a bar to citizenship. During the pendency of this appeal, the Supreme Court held that *Padilla* does not apply retroactively to cases on collateral review. *See Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013). Because Herzer's conviction became final before *Padilla* was decided, his contention is foreclosed by *Chaidez*. *See id.*

Although Herzer argues on appeal that he is alleging affirmative misrepresentations falling under this court's decision in *United States v. Kwan*, 407 F.3d 1005 (9th Cir. 2005), rather than a failure to inform arising under *Padilla*, his amended petition specifically alleges that his trial counsel did not affirmatively misadvise him as to the immigration consequences of his guilty plea.

Because we conclude that Herzer's contention of error is foreclosed by *Chaidez*, we do not reach the issue of whether his petition was timely filed. *See Matus-Leva*, 287 F.3d at 760 (elements for coram nobis relief are conjunctive and "failure to meet any one of them is fatal").

**AFFIRMED.**