NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-17254 |
| Plaintiff-Appellee, | D.C. No. 3:01-cr-00326-MMC |
| v. | |
| RANDY GEORGE, a.k.a. Randolph George, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted November 27, 2018[**]

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Randy George appeals pro se from the district court's orders denying his

petition for a writ of error coram nobis and motion for reconsideration.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *see United States v.*

*Riedl,* 496 F.3d 1003, 1005 (9th Cir. 2007), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

George seeks to vacate his 2002 conviction for making and subscribing false tax returns and willful failure to file a tax return in violation of 26 U.S.C. §§ 7203, 7206(1). He contends that his trial counsel was ineffective for failing to interview and subpoena Harry Gordon Oliver II, a tax professional, who would have supported George's good faith reliance defense. The district court properly denied coram nobis relief because George has not shown an error of the most fundamental character. *See Riedl,* 496 F.3d at 1006. Although the record reflects that tax professionals advised George how to report his receivership fees, it does not show that George ever reported those fees on any return in accordance with their advice. Contrary to George's assertion, the evidence submitted in support of his coram nobis petition fails to demonstrate that he relied on the tax professionals' advice. Accordingly, George has not demonstrated a reasonable probability that, but for trial counsel's alleged error, the result of his jury trial would have been different. *See Strickland v. Washington,* 466 U.S. 668, 694 (1984).

Furthermore, the record reflects that George is ineligible for coram nobis relief because he has failed to demonstrate any valid reason for not attacking his conviction earlier. *See Riedl,* 496 F.3d at 1006-07; *see also Matus-Leva v. United States,* 287 F.3d 758, 760 (9th Cir. 2002) ("We may affirm on any ground finding support in the record.").

**AFFIRMED.**