NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. DAVID ALLEN NICHOLS, Defendant-Appellant. | No. 19-10469 D.C. No. 2:89-cr-00258-WBS-AC-9 MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted December 2, 2020[**]

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

David Allen Nichols appeals pro se from the district court's order denying

his petition for a writ of error coram nobis.  We have jurisdiction under 28 U.S.C.

§ 1291.  Reviewing de novo, *see Matus-Leva v. United States*, 287 F.3d 758, 760

(9th Cir. 2002), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nichols contends that he is entitled to coram nobis relief because he was not on federal land at the time of his arrest nor involved in interstate commerce, and the statutes governing his conviction are unconstitutional. The district court properly denied Nichols's petition. Because Nichols is currently serving a five-year term of supervised release, he is still in custody and coram nobis relief is unavailable. *See id.* at 761. Moreover, as the district court concluded, Nichols cannot show an error of the most fundamental character. *See id.* at 760 (stating requirements for coram nobis relief); *see also* 18 U.S.C. § 3231 (vesting district courts with jurisdiction to prosecute federal crimes); *United States v. Kim*, 94 F.3d 1247, 1250 (9th Cir. 1996) ("Congress has the authority under the Commerce Clause to criminalize intrastate drug activity.").

Nichols also has not shown that he meets the requirements to file a second or successive 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2255(h). Accordingly, we deny Nichols's alternative request that we remand this action to the district court to proceed as a motion arising under § 2255.

Nichols's motion, which he styles as a motion for summary judgment, is denied.

**AFFIRMED.**

19-10469