# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KRIMBILL,[1] RODRIGUEZ, and WALKER
Appellate Military Judges

**Sergeant ROBERT B. BERGDAHL,**
**United States Army, Petitioner**
v.
**UNITED STATES, Respondent**

ARMY MISC 20200588

For Petitioner:  Colonel Michael C. Friess, JA; Lieutenant Colonel Angela D. Swilley, JA; Major Matthew D. Bernstein, JA; Franklin D. Rosenblatt, Esquire; Jonathan F. Potter, Esquire; Stephen A. Saltzburg, Esquire; Stephen I. Vladeck, Esquire; Philip D. Cave, Esquire; Sean T. Bligh, Esquire; Christopher L. Melendez, Esquire; Sabin Willet, Esquire; Eugene R. Fidell, Esquire (on brief and reply brief).

For Respondent:  Lieutenant Colonel Wayne H. Williams, JA; Major Jonathan S. Reiner, JA; Captain Allison L. Rowley, JA (on brief).

11 December 2020

-----------------------------------------------------------------------
MEMORANDUM OPINION AND ACTION ON PETITION FOR
EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF
*CORAM NOBIS*
-----------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

RODRIGUEZ, Judge:

Petitioner requests this court issue a writ of error of *coram nobis* dismissing the charges and specifications with prejudice.  Specifically, petitioner asserts the military judge who presided over his court-martial and made rulings adverse to petitioner concerning unlawful command influence (UCI), failed to disclose his application for employment as an immigration judge with the United States Department of Justice (DOJ) to the parties while petitioner's case was ongoing and, as a result, petitioner did not receive a fair trial.  We hold petitioner is not entitled to *coram nobis* relief because we find no valid reason for petitioner's failure to raise this issue and seek relief earlier.  Accordingly, we find petitioner's writ does not meet the threshold criteria for *coram nobis* review and, therefore, deny the petition.

---

[1] Chief Judge (IMA) Krimbill participated in this case while on active duty.

## BACKGROUND

On 16 October 2017, a military judge sitting as a general court-martial convicted petitioner, pursuant to his pleas, of desertion with intent to shirk hazardous duty and misbehavior before the enemy in violation of Articles 85 and 99, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 899 [UCMJ]. On that same day, the military judge applied for a position as an immigration judge with the DOJ's Executive Office for Immigration Review (EOIR).[2] As part of his application, the military judge submitted an earlier ruling he made in petitioner's case as a writing sample.[3] The military judge never disclosed on the record that he had applied to become an immigration judge at the DOJ upon his retirement from the Army.

The military judge sentenced petitioner on 3 November 2017 to a dishonorable discharge, reduction to the grade of E-1, and forfeiture of $1,000 per month for ten months. The convening authority approved the sentence as adjudged.

Petitioner's case was then docketed with this court for review pursuant to Article 66, UCMJ, on 8 June 2018. On 28 September 2018, the EOIR released a public notice announcing the military judge was sworn in as an immigration judge. The military judge's retirement from the Army became effective on 1 November 2018.

On 21 December 2018, petitioner submitted his brief to this court pursuant to Article 66, UCMJ, asserting four assigned errors. Petitioner submitted a supplemental assigned error on 30 April 2019. None of the assigned errors discussed any concerns with the military judge's new employment as an immigration judge.

On 16 July 2019, this court affirmed the findings of guilty and the sentence in petitioner's case. *United States v. Bergdahl*, 79 M.J. 512 (Army Ct. Crim App. 2019). On 27 August 2020, the Court of Appeals for the Armed Forces (CAAF) affirmed this court's decision. *United States v. Bergdahl*, 80 M.J. 230 (C.A.A.F. 2020).

---

[2] The EOIR announced several open positions for immigration judges on 25 September 2017.

[3] The military judge's writing sample was his 24 February 2017 ruling denying petitioner's motion to dismiss alleging apparent UCI relating to comments then-presidential candidate Donald Trump made concerning petitioner and his case during the 2016 presidential campaign. Petitioner made three separate motions to dismiss alleging apparent UCI during trial. The military judge ultimately ruled against petitioner on all his UCI motions to dismiss.

On the same day the CAAF affirmed petitioner's conviction and sentence, 27 August 2020, petitioner requested the military judge's application for employment as an immigration judge from the EOIR through the Freedom of Information Act (FOIA). On 7 September 2020 petitioner filed a motion for reconsideration with the CAAF, which the government answered on 11 September 2020. In response to his FOIA request, petitioner received the military judge's application for employment as an immigration judge on 15 September 2020.

After petitioner filed a reply brief to the government's answer, and motions to supplement the record with the newly-obtained materials obtained through the FOIA request from the EOIR, the CAAF denied petitioner's motion for reconsideration and the motion to supplement the record. The CAAF indicated that its denial was without prejudice to petitioner's right to file a writ of *coram nobis* with the appropriate court. *United States v. Bergdahl*, No. 19-0406/AR, 2020 CAAF LEXIS 569 (C.A.A.F. 14 Oct. 2020).

On 23 October 2020, petitioner submitted to this court a request for extraordinary relief in the nature of a writ of *coram nobis*.

## LAW AND ANALYSIS

The All Writs Act, 28 U.S.C. §1651 (2012), authorizes this court to consider petitioner's claims and issue writs in aid of its subject-matter jurisdiction under Article 66, UCMJ. Specifically, we may issue a writ of *coram nobis* only if necessary as "an extraordinary remedy" to correct errors of a fundamental character in a case. *See United States v. Denedo*, 66 M.J. 114, 123 (C.A.A.F. 2008) (*Denedo I*); *United States v. Denedo*, 556 U.S. 904, 917 (2009) (*Denedo II*); *United States v. Morgan*, 346 U.S. 502, 522-12, 74 S. Ct. 247, 252-43 (1954) (quoting *United States v. Mayer*, 235 U.S. 55, 69, 35 S. Ct. 16, 19 (1914)); 28 U.S.C. §1651(a) (All Writs Act).

The All Writs Act does not expand our underlying jurisdiction to consider "the findings and sentence as approved by the convening authority." Article 66(c), UCMJ; *Denedo I*, 66 M.J. at 120; *Denedo II*, 556 U.S. at 914. The Supreme Court established the landscape of our inquiry for this case in *Denedo II*, holding that "[b]ecause *coram nobis* is but an extraordinary tool to correct a legal or factual error, an application for the writ is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." *Denedo II*, 556 U.S. at 912-13.

In *United States v. Morgan*, 346 U.S. 502, 511-12 (1954), the Supreme Court observed that *coram nobis* permits the "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review," but only under very limited circumstances. Although a petition may be filed at any time without limitation, the Supreme Court and our Superior Court have established six prerequisites as threshold criteria for a petitioner to obtain *coram nobis* review of his claims: (1) the alleged error is of the most fundamental character; (2) no remedy other

than *coram nobis* is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist. *Denedo I,* 66 M.J. at 126 (citing *Morgan*, 346 U.S. at 512-13); *Loving v. United States*, 62 M.J. 235, 252-53 (C.A.A.F. 2005)).

We find petitioner has not met the third threshold requirement in *Denedo I*.[4] This court finds no valid reason why petitioner did not seek relief earlier. The only explanations provided by petitioner are that "[petitioner's] case was still before the [CAAF] on petition for reconsideration when [petitioner] received [the military judge's] job application from the [DOJ]," and the "FOIA request was filed out of an abundance of caution." These explanations do not clarify why petitioner did not request the military judge's employment application earlier, and why he did not raise this issue at this court on direct appeal.

The timeline of events in this case is revealing. Petitioner's case was pending direct review at this court from 8 June 2018 through 16 July 2019. The military judge's new employment as an immigration judge became public knowledge on 28 September 2018. Thus, petitioner's case had only been pending at our court for less than three months prior to the DOJ's press release notice.

Approximately another ten months passed after the DOJ's notice until this court issued its decision in petitioner's case on 16 July 2019. During those ten months, petitioner submitted two briefs, claiming a total of five assigned errors, none of which alluded to any concerns with the military judge seeking employment as an immigration judge. At no point during those ten months did petitioner request the military judge's employment application. *See, e.g., Ragbir v. United States*, 950 F.3d 54, 65 (3d Cir. 2020) (holding that "[w]hat matters" in determining whether a delay in filing a *coram nobis* petition is valid "is whether a claim can be reasonably raised"). It was not until our Superior Court denied petitioner relief on his direct appeal that petitioner requested the military judge's employment application from the DOJ, which he obtained within three weeks. *See, e.g., United States v. Castano*, 906 F.3d 458, 464 (6th Cir. 2018) (noting "*coram nobis* relief is generally not appropriate for claims that could have been raised on direct appeal").

---

[4] Having concluded petitioner fails to meet the stringent threshold requirements to establish eligibility for *coram nobis* review, we need not address the merits of his petition.

4

The timeline claiming newly-discovered evidence in petitioner's case is similar to the timeline in *United States v. Kates*, ACM S32018, 2014 CCA LEXIS 360 (A.F. Ct. Crim. App. 17 June 2014) (order). In *Kates*, The Judge Advocate General of the Air Force, and subsequently the Secretary of Defense pursuant to the Secretary's purported authority under 5 U.S.C. §3101 *et seq.*, appointed Mr. LS (a military retiree and former military appellate judge who was then a civilian Air Force attorney), as an appellate military judge on the Air Force Court of Criminal Appeals (AFCCA). *Id.* at *2. Mr. LS then took part in the AFCCA decision affirming Kates' conviction. *Id.* The Court of Appeals for the Armed Forces (CAAF) also affirmed Kates' conviction. *Id.* Kates did not raise the issue of Mr. LS's participation in his case at the AFCCA or the CAAF.

Six months after denying Kates' petition for review, the CAAF issued a decision in another case, ruling the Secretary of Defense did not have the legislative authority to appoint appellate military judges under the Constitution's Appointments Clause, and therefore his appointment of Mr. LS to the AFCCA was "invalid and of no effect." *Id.* at *3 (citing *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014)). Shortly after the CAAF's decision in *Janssen*, Kates submitted a petition for extraordinary relief. *Id.* The AFCCA noted that by the time Kates petitioned the CAAF on direct appeal, the issue of Mr. LS's appointment was "very much at issue in appellate litigation." *Id.* at *7. The AFCCA denied Kates' petition stating:

> The petitioner's summary pleading provides no valid reasons why he did not seek relief on this matter earlier or any proffer as to why the issue of [Mr. LS's] appointment could not have been discovered through the exercise of reasonable diligence prior to the completion of appellate review in this matter.

*Id.* at *8.

Similar to the AFCCA's reasoning in *Kates*, we find petitioner made no effort to raise the issue of the military judge's employment application to this court or the CAAF, "despite a meaningful opportunity to do so." *Id.* at *9. Petitioner claims that "[e]ven if knowledge of the [EOIR's 28 September 2018] press release were imputed to Sergeant Bergdahl as of its date of issuance . . . . [t]he full import of the matter did not become clear until April 16, 2019, when [*In re Al-Nashiri*] was decided."[5] We

---

[5] In *In re Al-Nashiri*, the petitioner sought a writ of mandamus vacating the military judge's orders in that case because the military judge in *In re Al-Nashiri* applied for a position as an immigration judge with the DOJ's EOIR and never disclosed his application. 921 F.3d at 227. After the EOIR issued its press release on 28 September 2018 (which announced both the *In re Al-Nashiri* judge and the military

(continued...)

disagree. Just as the issue of Mr. LS's appointment was very much at issue in appellate litigation at the time Kates petitioned the CAAF, the issue of the military judge's employment as an immigration judge was a known appellate issue at either the date of the EOIR's press release, or at least when Al-Nashiri submitted his pleadings challenging the judge in his case.[6] We find that, even if the *In re Al-Nashiri* decision of April 2019 is the date on which "the full import of the matter" became clear to petitioner, there is no adequate explanation for petitioner's delay in raising the issue at least then, two months before this court issued its decision in petitioner's case on direct review. Further, there is no adequate explanation for why petitioner did not seek to raise the issue during the following year his case was pending review at the CAAF.

In sum, petitioner has not presented a sound reason why he failed to pursue this claim while his case was pending Article 66 review at this court, when such a claim could have been reasonably raised. Accordingly, we find petitioner's claim does not meet the threshold criteria for *coram nobis* review.[7]

---

(… continued)
judge in Sergeant Bergdahl's case had just become immigration judges), Al-Nashiri learned of the military judge's job application through a FOIA request. *Id*. The court noted that Al-Nashiri was tried pursuant to the Military Commissions Act of 2009, 10 U.S.C. § 948b(a). *Id*. at 227. The core of the court's analysis focused on the DOJ's involvement in the military commission system and that the DOJ "detailed one of its lawyers to prosecute Al-Nashiri." *Id*. at 236. Thus, the court found the military judge's application for employment as an immigration judge created a disqualifying appearance of partiality because the military judge's future employer, the DOJ, was also a participant in Al-Nashiri's case. *Id*. at 235-37. The court granted Al-Nashiri's request for a writ of mandamus and vacated all orders issued by the military judge. *Id*. at 241.

[6] We note at least one of petitioner's appellate defense counsel also submitted the brief for amicus curiae in *In re Al-Nashiri* in the United States Court of Appeals for the District of Columbia seeking a writ of mandamus, argued on 22 January 2019, approximately six months prior to this court issuing its decision in petitioner's case on direct appeal. 921 F.3d 224. In *In re Al-Nashiri*, the court considered the 28 September 2018 EOIR announcement of the military judge's investiture as an immigration judge. *Id*. at 232. The military judge in petitioner's case was listed in that same announcement. *See* footnote 5, *supra*. Petitioner included this announcement in Appendix C of his petition to this court.

[7] We need not decide the five remaining *coram nobis* writ's criteria. *See Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (holding threshold requirements for *coram nobis* relief are conjunctive; "failure to meet any one of them is fatal").

NOW, THEREFORE, IT IS ORDERED:

This petition is DENIED.

Chief Judge (IMA) KRIMBILL and Judge WALKER concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court