**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-35350 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:06-cr-00425-MJP-15 2:06-cr-00425-MJP |
| JAIME EFRAIN SANCHEZ-RAMIREZ, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Senior District Judge, Presiding

Submitted May 7, 2021**
Seattle, Washington

Before: CHRISTEN and BENNETT, Circuit Judges, and KOBAYASHI,***
District Judge.

Jaime Sanchez-Ramirez appeals from the district court's April 1, 2020 order

denying his August 8, 2019 Petition for a Writ of Error *Coram Nobis* Pursuant to

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

the All Writs Act, 28 U.S.C. § 1651(a) ("Petition"), which sought relief from a 2007 conviction of one count of Use of a Communication Facility to Facilitate a Drug Offense, in violation of 21 U.S.C. § 843(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the denial of the Petition de novo. See United States v. Kroytor, 977 F.3d 957, 961 (9th Cir. 2020).

The Government concedes that the first and third requirements for *coram nobis* relief are satisfied in this case. See id. (listing requirements). As to the second requirement, the district court did not err when it concluded that there was no sound reason for Sanchez-Ramirez's failure to challenge his conviction earlier. The Petition did not rely on newly discovered evidence, and the case that the Petition was primarily based upon — Abuelhawa v. United States, 556 U.S. 816 (2009) — was not recently decided. See Kroytor, 977 F.3d at 961–63 (discussing justification of delay). Further, Sanchez-Ramirez has not shown that his decision to pursue immigration relief before attempting a collateral attack on his conviction was based on the advice of his immigration counsel. Cf. United States v. Kwan, 407 F.3d 1005, 1013–14 (9th Cir. 2005), *abrogated on other grounds by* Padilla v. Kentucky, 559 U.S. 356 (2010).

As to the fourth requirement, the district court did not err when it concluded that Sanchez-Ramirez failed to establish a fundamental error in his conviction. The record does not support Sanchez-Ramirez's assertions that: he believed he was

2

pleading guilty to a misdemeanor which would not have immigration consequences; and the plea agreement was not translated for him. Thus, the district court did not err when it rejected Sanchez-Ramirez's arguments that his guilty plea was involuntary and that his defense counsel in the underlying case rendered unconstitutionally ineffective assistance. Further, the district court did not err in rejecting Sanchez-Ramirez's argument based on <u>Abuelhawa</u>, because that case is factually distinguishable from Sanchez-Ramirez's underlying case. Finally, we reject Sanchez-Ramirez's argument based on <u>United States v. Martin</u>, 599 F.2d 880 (9th Cir. 1979), because he could have raised that argument if he filed a timely 28 U.S.C. § 2255 motion. <u>Cf.</u> <u>Matus-Leva v. United States</u>, 287 F.3d 758, 761 (9th Cir. 2002).

The district court therefore did not err when it ruled that Sanchez-Ramirez failed to establish an entitlement to *coram nobis* relief.

**AFFIRMED.**