**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1281 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00118-LRH-WGC-1 |
| v. | |
| SURJIT SINGH, AKA Sonny, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted March 6, 2025[**]
Las Vegas, Nevada

Before: RAWLINSON, MILLER, and DESAI, Circuit Judges.

Surjit Singh (Singh) appeals the district court's denial of his second petition

for a writ of error *coram nobis*. We have jurisdiction under 28 U.S.C. § 1291, and,

reviewing *de novo*, we affirm the district court's denial of Singh's second *coram*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*nobis* petition. *See United States v. Kroytor*, 977 F.3d 957, 961 (9th Cir. 2020).

"Coram nobis is an extraordinary remedy available only under circumstances compelling such action to achieve justice." *Id.* (citation and internal quotation marks omitted). "To qualify for this extraordinary remedy, the petitioner must establish four requirements: (1) the unavailability of a more usual remedy; (2) valid reasons for the delay in challenging the conviction; (3) adverse consequences from the conviction sufficient to satisfy Article III's case-and-controversy requirement; and (4) an error of the most fundamental character." *Id.* (citation, alteration, and internal quotation marks omitted). "[W]here petitioners reasonably could have asserted the basis for their coram nobis petition earlier, they have no valid justification for delaying pursuit of that claim. . . ." *Id.* (citation omitted).

Singh is not entitled to *coram nobis* relief because he fails to establish "valid reasons" for his delay in filing his second *coram nobis* petition. *Id.* In 2019, Singh filed a motion to vacate his plea agreement under 28 U.S.C. § 2255, asserting an IAC claim premised on his trial counsel's failure to advise him of the adverse immigration consequences of his guilty plea. The district court denied Singh's motion on the merits because Singh's plea agreement stated that it was "*highly probable* that he will be *permanently removed* (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement."

24-1281

Singh again raised this IAC claim in his first and second petitions for a writ of error *coram nobis*. We affirmed the district court's denial of Singh's first *coram nobis* petition because he was in custody "on supervised release until October 2020," and "[a] petitioner may only file a writ of *coram nobis* if he is no longer in custody; if he is in custody, he has a remedy available under 28 U.S.C. § 2255." *United States v. Singh*, No. 20-16492, 2021 WL 5275820, at *1 (9th Cir. Nov. 12, 2021) (citation omitted). Even if we accept Singh's argument that we should measure the timeliness of his second petition from November 2021, when we decided his first appeal, Singh does not provide a valid reason for delaying until 2023 to file his second *coram nobis* petition. *See Kroytor*, 977 F.3d at 961 (explaining that "whether a petitioner can *reasonably* raise a claim is determinative of whether delay is justified") (citation omitted) (emphasis in the original).

Although Singh maintains that the delay in filing his second *coram nobis* petition was reasonable due to erroneous advice he received from immigration counsel, post-conviction counsel, and a friend, we have rejected similar causes for delay in filing a *coram nobis* petition. *See id.* at 963.[1] Singh first raised his IAC

---

[1] Singh's reliance on *United States v. Kwan*, 407 F.3d 1005 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356, 370 (2010), is misplaced. In *Kwan*, we held that the petitioner's delay in filing his *coram nobis* petition was justified in light of defense counsel's assurance that there was "little chance" that the petitioner's conviction would cause him to be deported. Because the petitioner only learned that counsel's immigration advice was incorrect after the INS ordered him removed, the petitioner's delay in filing his *coram nobis*

claim in 2019, and he does not otherwise demonstrate that he lacked "a reasonable opportunity to present his claim[]" prior to filing his second petition for a writ of error *coram nobis* in 2023. *Id.* at 961 (citation omitted).[2]

**AFFIRMED.**

---

petition was reasonable. *See id.* at 1014. Here, Singh learned of counsel's ineffective assistance during his May 2018 removal proceedings, yet did not file the instant petition until 2023. Hence, the procedural posture of Singh's IAC claim is different from that in *Kwan*.

[2] Because Singh did not demonstrate justifiable delay in filing his second *coram nobis* petition, we need not and do not address the remaining factors for *coram nobis* relief. *See Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (explaining that "[b]ecause [the *coram nobis*] requirements are conjunctive, failure to meet any one of them is fatal") (citation omitted).

24-1281