NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC JAMES PARKER,

Defendant - Appellant.

No. 24-7625

D.C. No.
2:16-cr-00046-GMN-NJK-11

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted December 17, 2025[**]

Before:     PAEZ, CHRISTEN, and KOH, Circuit Judges.

Eric James Parker appeals pro se from the district court's order denying his

petition for a writ of error coram nobis. We have jurisdiction under 28 U.S.C.

§ 1291. Reviewing de novo, *see United States v. Riedl*, 496 F.3d 1003, 1005 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2). The request for oral
argument is therefore denied.

Cir. 2007), we affirm.

Parker contends he is entitled to coram nobis relief because he recently discovered the government suppressed exculpatory evidence that renders his guilty plea invalid. We agree with the district court that Parker has failed to show valid reasons for the delay in challenging his conviction. *See id*. at 1006 (stating requirements for coram nobis relief). The record, which was largely public, demonstrates that much of the exculpatory evidence on which Parker now relies came to light as early as 2017. Parker's codefendants relied on this evidence to gain dismissals, seek alternate adjudications, obtain additional documents, and generally attack their convictions. Parker has not demonstrated that he could not have taken similar steps in the years before he filed his petition. *See United States v. Kroytor*, 977 F.3d 957, 961-62 (9th Cir. 2020) (delay is unjustified when the petitioner had a "reasonable opportunity" to present the arguments in earlier proceedings). Because Parker's failure to meet one of the four requirements for coram nobis relief is "fatal," we decline to address his arguments regarding the impact of the evidence on his guilty plea. *See Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002).

We do not address Parker's arguments that were not properly presented to the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**