
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 15-56374 |
| Plaintiff-Appellee, | 15-56377 |
| v. | D.C. Nos. 2:04-cr-01191-JFW |
| | 2:15-cv-04671-JFW |
| SCOTT ANDREW BRABSON, a.k.a. Seal A; JAY WILLIAM ROSENDAHL, a.k.a. Seal B, | 2:15-cv-04710-JFW |
| | MEMORANDUM* |
| Defendants-Appellants, | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted April 11, 2017**

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

In these consolidated appeals, Scott Andrew Brabson and Jay William

Rosendahl appeal pro se from the district court's order denying their petition for a

writ of error coram nobis attacking their 2005 guilty-plea convictions for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conspiracy, foreign travel to promote commercial bribery, and wire fraud. We have jurisdiction under 28 U.S.C. § 1291. We review de novo and may affirm on any ground supported by the record. *See Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). A petitioner's failure to establish any factor necessary to prevail on a petition for writ of error coram nobis is "fatal." *Id.*

In recent litigation with the American Civil Liberties Union, the Department of Justice disclosed appellants' criminal case as a criminal prosecution in which mobile location data was obtained without a warrant. Appellants contend that (1) the government's warrantless collection of mobile location data violated their Fourth Amendment rights; and (2) the government's failure to disclose the lack of a warrant violates *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). These claims do not warrant coram nobis relief because appellants have not shown an "error of the most fundamental character." *United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007). First, where, as here, a defendant is convicted as a result of his guilty plea, "the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized." *Haring v. Prosise*, 462 U.S. 306, 321 (1983). Second, in their plea agreements, appellants broadly waived their rights to pursue affirmative defenses,

any Fourth or Fifth Amendment claims, and motions that were or could have been filed. This waiver is valid notwithstanding the government's alleged failure to disclose the lack of a warrant. *See United States v. Ruiz*, 536 U.S. 622, 633 (2002).

Appellants also raise numerous claims of error involving, among other things, allegations of judicial bias and government collusion, improper search and seizure of property from their offices, due process violations, and the government's failure to respond to certain discovery requests during their criminal prosecution. Appellants have failed to meet their burden of showing their ten-year delay in raising these alleged errors was reasonable, and they have not established fundamental error as to any of these claims. *See Riedl*, 496 F.3d at 1006.

Finally, the district court did not err by denying the petition without conducting further evidentiary proceedings. *See United States v. Taylor*, 648 F.2d 565, 573 (9th Cir. 1981). We reject as unsupported the appellants' allegations of judicial bias in the coram nobis proceedings.

All pending motions are denied.

**AFFIRMED.**