**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10089 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-00237-EMC-1 |
| v. | |
| DAVID NOSAL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted July 31, 2018**
San Francisco, California

Before: THOMAS, Chief Judge, and McKEOWN and GOULD, Circuit Judges.

David Nosal appeals the district court's denial of his petition for a writ of error coram nobis and his motion for release of materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In 2013, a jury convicted Nosal of six felony counts stemming from unauthorized access of his former employer's computer system to obtain trade secrets and other information. As relevant here, he was sentenced to one year and one day in prison and three years of supervised release. We affirmed the conviction on direct appeal. *See United States v. Nosal*, 844 F.3d 1024 (9th Cir. 2016). In January 2018, Nosal petitioned the district court for a writ of error coram nobis to "reopen sentencing and vacate [his] custodial sentence."

The district court properly denied Nosal's petition. For one, the rare writ of coram nobis is not available until a petitioner "already has fully served [his] sentence." *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994); *see also Estate of McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995) ("The writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody."). Nosal is currently in custody, with an estimated release date of January 25, 2019, according to the Federal Bureau of Prisons. After that date, he will serve a three-year term of supervised release. Under our precedent, a petitioner remains in "custody" for as long as he is subject to supervised release. *See Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002). Nosal is not entitled to a writ of error coram nobis.

Timing aside, Nosal produced no evidence that his was "an unconstitutional or unlawful conviction." *McKinney*, 71 F.3d at 781 (citations omitted). Instead,

2

Nosal argued that his sentence should be "reconsider[ed]" because the victim of his crime—his former employer—was recently named as a defendant in two civil complaints for the "same type of offense" for which Nosal was convicted. Nosal's theory—that subsequent alleged acts by a victim of a crime entitle the crime's perpetrator to coram nobis relief—is without support. As the district court observed in denying bail pending appeal, Nosal "failed to cite any applicable authority for his assertion."

The court did not clearly err in denying Nosal's "motion for release of *Brady* materials," which sought information concerning subsequent activities of Nosal's former employer. *See United States v. Stinson*, 647 F.3d 1196, 1208 (9th Cir. 2011). Nosal did not show that the government "suppressed" any "evidence" whatsoever, let alone evidence that was "material to" Nosal's guilt or punishment. *See generally Turner v. United States*, 137 S. Ct. 1885, 1893 (2017).

**AFFIRMED.**