NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUN 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE HERNANDEZ-VASQUEZ;<br>CLAUDIA HERNANDEZ-MURCIA;<br>FATIMA HERNANDEZ-MURCIA,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   19-72815<br><br>Agency Nos.   A208-753-236<br>A208-753-237<br>A208-753-238<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2022[**]
Pasadena, California

Before:  M. SMITH, BADE, and VANDYKE, Circuit Judges.

Petitioners Jose Hernandez-Vasquez and his two daughters petition for review

of a decision of the Board of Immigration Appeals (BIA) affirming the order of an

Immigration Judge denying their applications for asylum, withholding of removal,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA agrees with the [Immigration Judge's] decision and also adds its own reasoning, we review the decision of the BIA and those parts of the [Immigration Judge's] decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019) (citing *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). "We review questions of law, such as whether a proposed particular social group is cognizable, de novo." *Nguyen v. Barr*, 983 F.3d 1099, 1101 (9th Cir. 2020). "We review the denial of asylum, withholding of removal[,] and CAT claims for substantial evidence." *Duran-Rodriguez*, 918 F.3d at 1028. "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481, 481 n.1 (1992)).

Petitioners bear the burden of proving eligibility for asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(i). To qualify for asylum, Petitioners must show that they are "refugee[s]" within the meaning of 8 U.S.C. § 1101(a)(42)(A) by demonstrating that they have suffered past persecution or have a well-founded fear of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." Here, the Immigration Judge found that Petitioners "ha[d] not demonstrated any past persecution" or "a well-founded fear of [future] persecution."

2

Petitioners—who are represented by counsel—do not challenge these findings on appeal. This failure is fatal to their petition for review of the Immigration Judge's denial of their applications for asylum and withholding of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013); *cf. Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002).

Petitioners also arguably waived their CAT claims before our court. "Compliance with the rules is not a mere formality," and "we've repeatedly held that failure to comply with [Federal Rule of Appellate Procedure] 28, by itself, is sufficient ground to justify dismissal of an appeal." *Christian Legal Soc. Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010) (citation omitted). In their "Statement of the Issues," Petitioners challenge the Immigration Judge's denial of their CAT claims with respect to only "Hernandez-Vasquez's daughters." But in their "Summary of the Argument," Petitioners seem to challenge the denial only as to Hernandez-Vasquez. Then, in their "Argument," Petitioners perfunctorily challenge the denial as to both. Because of Petitioners' noncompliance with Rule 28, we could conclude that they have waived any challenge to the Immigration Judge's denial of their CAT claims.

But even assuming they did not waive their CAT claims, substantial evidence supports the Immigration Judge's denial of those claims. Hernandez-Vasquez was never physically harmed, let alone tortured. And although gang members harassed

3

his daughters, the agency was not compelled to conclude this rose to the level of "torture." *See* 8 C.F.R. § 208.18(a)(2). Moreover, the harassment was not "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir.2003)); *see* 8 C.F.R. § 208.18(a)(1).

**PETITION DENIED**.